## Andrew Boyajian *vs.* James P. Black.

### NOVEMBER 13, 1911.

Present: Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

*(1) Sales in Bulk Law.*

Pub. Laws, cap. 387, passed April 14, 1909 (Sales in Bulk Law), provides, that the transfer of property as therein defined, "shall be fraudulent and void as against all persons who are creditors of the transferrer at the time of such transfer," unless the conditions of the statute shall have been complied with.

In an action of replevin by the transferee under a bill of sale, against the officer attaching under a writ in which a creditor of the transferrer was plaintiff, certified upon an agreed statement of facts:—

*Held*, that as it did not appear that the attaching creditor was a creditor at the time of the transfer, the sale was valid.

Replevin. Heard on certification on agreed statement facts.

Blodgett, J. This is an action of replevin brought by the plaintiff against the defendant in the District Court of the Sixth Judicial District to recover possession of certain goods and chattels attached by the defendant as a constable and which are described in the writ of replevin.

In the District Court certain questions of law were raised and upon an agreed statement of facts the cause is brought to this Court for determination under the provisions of section 4, chapter 298, General Laws, 1909, which is as follows: "Whenever a civil action, pending in a district court or in the superior court, is at issue on its merits, and the parties shall file in the clerk's office an agreed statement of the facts in such action, the court shall certify the action to the supreme court to be there heard and determined. After having decided the action the supreme court shall send back the papers therein, with its decision certified thereon, to the court from which the action was certified, which shall enter final judgment upon the decision."

An examination of the agreed statement of facts discloses the following facts: The plaintiff in this case purchased a cobbler shop, consisting of machinery, tools, fittings and stock usually used and kept on hand in a cobbler shop from one Charles Baligian, who transferred the same to this plaintiff by a bill of sale warranting the title, except as to a machine mentioned therein. The plaintiff asked said Charles Baligian at the time of the purchase of said shop whether or not he owed any money, and Baligian said that he did not, except as stated in the bill of sale. The plaintiff did not demand or receive a sworn statement from said Baligian containing a list of the names and addresses of Baligian's creditors. After the transfer Baligian left the State and a creditor of Baligian, Nicholas G. Smith, had a writ issued from the District Court of the Sixth Judicial District for the attachment of the personal property of said Baligian. Whereupon after attachment, this writ of replevin was brought against the defendant constable to recover possession of the property.

Two questions of law are sought to be raised by the plaintiff in his contention that he has the right under his writ of replevin to possession of the property replevied, and these questions are stated as follows:

First. The plaintiff contends that he received a good

title to said property by the bill of sale from Charles Baligian, because it was not necessary under the provisions of Chapter 387 of the Public Laws to require of Charles Baligian a sworn statement of the names of his creditors, inasmuch as the said Baligian declared that he had no creditors, and

Second.   Chapter 387 of the Public Laws does not contemplate such a business as Charles Baligian was engaged in, and for that reason the plaintiff in this case, being a bona fide purchaser for value, received by the bill of sale from Baligian a good title.

It is evident that the questions sought to be determined cannot be raised or determined upon this statement of facts.

The provisions of Pub. Laws, cap. 387, passed April 14, 1909, are as follows:  "Section 1.  The transfer of the major part in value or the whole of a stock of merchandise and fixtures, or merchandise or fixtures, otherwise than in the ordinary course of trade and in the regular and usual prosecution of the transferrer's business, whether in one or more parcels or to one or more persons, provided the transfer is all part of substantially one transaction or proceeding or occurs substantially at one time, shall be fraudulent and void as against all persons who are creditors of the transferrer at the time of such transfer unless the transferee demands and receives from the transferrer a written list of the names and addresses of the creditors of the transferrer and certified by him, under oath, to be, to the best of his knowledge and belief, a full, accurate, and complete list of his creditors; and unless the transferrer shall, at least five days before such transfer, notify personally, or by registered mail, every creditor whose name and address are stated in said list of the proposed transfer."

(1)      It will be observed that the statute declares the transfers aforesaid to be "fraudulent and void as against all persons who are creditors of the transferrer *at the time of the transfer*, unless," &c.   It does not appear by the agreed statement of facts that Smith the attaching creditor was a creditor at the time of the transfer, the only allegation being that he

brought his suit against Baligian shortly thereafter. But if Smith became the creditor of Baligian even one day after the transfer the act does not apply. Inasmuch as it does not appear that Smith was a creditor when the bill of sale was given, on the case as submitted, it follows that the sale to Boyajian was a valid sale and that the decision of this court must be in favor of the plaintiff for possession, ten cents damages and costs.

The papers in the cause, with the decision of this court certified thereon as aforesaid, will be sent back to the District Court of the Sixth Judicial District, and said court is directed to enter final judgment in accordance therewith.

*James A. Williams*, for plaintiff.
*Terence M. O'Reilly*, for defendant.